**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ERIN BROWNE,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendant. | Case No.  4:23-cv-00064-TLS-JPK |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITIONS OF AMY FOSTER AND SHARON SAMSELL**

Defendant, Equifax Information Services LLC ("Equifax"), hereby files its Reply in Support of its Motion to Compel the depositions of Plaintiff's treaters Amy Foster and Sharon Samsell. Plaintiff's Response in Opposition (Doc. 46) both contains material misrepresentations and offers an insufficient resolution to Equifax's Motion, as the releases proffered by Plaintiff allow her treaters to testify only to the dates of treatment and a "discharge summary," but do not for the release other, relevant information. Equifax asks the Court grant its Motion, and shows the Court as follows:

**A. Plaintiff's Response in Opposition Makes Material Misrepresentations**

Equifax filed its Motion to Compel on April 4, 2024. (Doc. 35.)  Contrary to Plaintiff's blatant mischaracterization of Equifax's Motion as seeking an Order directing *her* to produce the witnesses for deposition, (Doc. 46, at 2-5), what Equifax sought was an Order to "compel the depositions of Ms. Foster and Ms. Samsell over Plaintiff's objections." (Doc. 36, at 7.)  To be crystal clear: Equifax *had* subpoenaed each witness pursuant to Rule 45, (Doc. 35-4; Doc. 35-5),

312138111v.1

but Ms. Foster had refused to testify because Plaintiff had not provided a release,[1] and Equifax reasonably believed that Ms. Samsell would not be allowed to testify because of Plaintiff's objections.[2] (*See* Doc. 36, at 7.) Equifax had requested a release from Plaintiff's counsel, (*see* Doc. 35-8, at 1), but Plaintiff's counsel had not responded, and, given his position during a March 29, 2024 meet-and-confer, Equifax reasonably believed no release would be forthcoming.[3]

On April 17, 2024, Plaintiff moved for an extension of time, to May 28, 2024, to respond to Equifax's Motion to Compel. Plaintiff did not file any response by May 28, 2024. On the day her response was due, Plaintiff's attorney Ian Lyngklip placed a call to one of Equifax's counsel, Theodore Roethke, but he was out of the country. Mr. Roethke's out-of-office email notification directed recipients to two colleagues, including undersigned counsel, but Mr. Lyngklip decided to reach out to the one who had not entered an appearance in this matter, Eric Barton, rather than undersigned counsel who was counsel of record in this case. Mr. Barton was unable to connect with Mr. Lyngklip.

On June 10, 2024, Mr. Lyngklip and Mr. Roethke communicated by email, and Mr. Lyngklip offered "to withdraw the privilege objection as to communications concerning the credit reporting." (*See* Ex. B, at 1.) For the very reasons supporting Equifax's Motion to Compel, (see Doc. 36, at 9-11), this was unacceptable to Equifax. (*See* Ex. B, at 1.) Finally, on June 13, 2024, Mr. Lyngklip, undersigned counsel, and Mr. Roethke conferred by telephone, and Mr. Lyngklip

---

[1] *See* Doc. 35-7 (Email from A. Foster to A. Hill) ("In addition, the lack of a release of records also inhibits my ability to discuss anything at a deposition.").

[2] A prescient belief, as Ms. Samsell emailed Equifax's counsel on April 12, 2024 stating, "I have requested a release of information form and won't be able to testify without one." (*See* Ex. A.)

[3] *See* Doc. 35-6, at 2 (Emails between D. Keller and T. Roethke) (including statement by D. Keller regarding the subpoenas that "We intend to move for a protective order.")

2

offered to withdraw the privilege objection completely[4] and obtain executed releases from Plaintiff. Equifax agreed to notify the Court that a tentative solution had been reached after getting the executed releases and putting the depositions on the calendar. Plaintiff's counsel did not notify Equifax that Plaintiff had provided the (inadequate) releases attached to her Opposition (Doc. 46-1; Doc. 46-2) and the first Equifax learned of them was when it reviewed the filing.

### B. Plaintiff's Response Offers An Insufficient Resolution to Equifax's Motion

In her Opposition, Plaintiff claims that she has "cleared the roadblocks to Equifax's discovery requests," (Doc. 46, at 4), but this is false. The release for Ms. Foster proffered by Plaintiff, (Doc. 46-1), does not allow for Equifax to question Ms. Foster fully. Rather, the release only allows for Ms. Foster to testify regarding "dates of service" and a "discharge summary for legal services" but specifically withholds consent for "treatment summary," "payments and billing," "progress notes," "medical records," "letters of progress," "biophysical evaluation/assessment," "verbal communication," and "treatment updates." (*See id.*, at 2.) Moreover, the release specifically notes that Life Enrichment Counseling, LLC (Ms. Foster's practice) "will release only the minimum amount of information necessary to fulfill a request." (*Id.*) Similarly, the release proffered for Ms. Samsell appears to be limited to a "discharge summary." (Doc. 46-2.)

As set forth in Equifax's Motion to Compel, Plaintiff's mental health treatment is relevant and discoverable on both the issues of extent *and* causation of damages. *See Owens v. Sprint/United Management Co.*, 221 F.R.D. 657, 660 (D. Kans. 2004) ("The Court determines that information on Plaintiff's medical and health care providers and records relating to her medical care, treatment, and counseling are relevant to the claims she seeks to assert for her 'garden variety'

---

[4] Or, at least it appeared to undersigned counsel that he offered to withdraw the objections completely. However, as noted below, the releases Plaintiff has proffered are not full releases.

312138111v.1

emotional damages under Title VII. The information and documents are further relevant to the preparation of Defendant's defenses against Plaintiff's emotional distress damages claims because her medical records may reveal stressors unrelated to Defendant that may have affected Plaintiff's emotional well being.").

Plaintiff testified that she suffered "chronic" stress, accompanied by physical manifestations, which "impacted [her] daily functioning." (See Doc. 35-3, at 3, 5.)  She testified that she spoke with at least one of her mental health treaters about the credit reporting issues, but could not provide answers regarding how many times she did so. (*Id*., at 6, 20.) She resisted disclosing details and provided vague and evasive testimony regarding the other reasons she may have sought therapy, at one point suggesting that there were reasons she was not comfortable disclosing, (*id*., at 9-10), while at another point claiming there were no undisclosed reasons (*id*., at 12).  Equifax is entitled to depose Plaintiff's treaters to probe both as to the extent of the emotional distress damages she claims *and their causation*, including any "stressors unrelated to Defendant that may have affected Plaintiff's emotional well being" that Plaintiff's "medical records may reveal." *Owens*, 221 F.R.D. at 660.

But Plaintiff's proffered releases do not allow Equifax to do this. They do not allow Equifax to review "medical records," "progress notes," etc. and to depose the witnesses regarding any unrelated stressors as they reveal. In her Opposition, Plaintiff states that she now is "likely to rely on [her treaters'] testimony to establish her emotional distress harms," (Doc. 46, at 3), but her proffered releases do not allow Equifax full discovery into her treatment, including unrelated stressors. Plaintiff seeks to use her treatment as a sword, to establish damages, while using limited releases as a shield, to prevent full disclosure regarding her treatment. This is fundamentally unfair and should not be countenanced by this Court.

312138111v.1

## CONCLUSION

For all these reasons, and for the reasons set forth in its Motion to Compel, Equifax respectfully requests the Court enter and Order compelling the depositions of Amy Foster and Sharon Samsell and the production of documents at the depositions *as sought by the subpoenas*.

DATED:  June 28, 2024                                  Respectfully submitted,

                                                                            SEYFARTH SHAW LLP


                                                                            By: */s/ Jennifer R. Brooks*
                                                                                 *Jennifer R. Brooks*
                                                                                 jrbrooks@seyfarth.com
                                                                                 SEYFARTH SHAW LLP
                                                                                 2323 Ross Avenue
                                                                                 Suite 1660
                                                                                 Dallas, TX  75201
                                                                                 Telephone: (469) 608-3730

                                                                            *Counsel for Defendant*
                                                                            *Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITIONS OF AMY FOSTER AND SHARON SAMSELL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Copies have also been sent via U.S. and electronic mail to:

Amy Foster
Life Enrichment Counseling
7517 Beechwood Centre Rd., Suite 300
Avon, IN 46123
amy@lifeenrichmentindy.com

Sharon Samsell
7062 N. County Road 725 E
Bainbridge, IN 46105
cswholeness@aol.com

*/s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

312138111v.1