UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIN BROWNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-64-TLS-AZ |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Equifax Information Services LLC's Motion to Compel Depositions of Amy Foster and Sharon Samsell [DE 35], filed on April 4, 2024, and Defendant Equifax Information Services LLC's Motion for Entry of Protective Order Regarding Plaintiff's Rule 30(b)(6) Notice of Deposition of Equifax [DE 37], filed on April 11, 2024. Plaintiff Erin Browne previously sought an extension of time to respond to both of Equifax's motions, and the Court granted her motion, allowing Browne until May 28, 2024 to respond. [DE 40, 41]. Browne failed to respond by that date, and the Court ordered her to respond by June 27, 2024. [DE 44]. Browne then filed a response, albeit to only one of the two motions [DE 46], and Equifax filed a reply [DE 48]. Both motions are therefore ripe. The Court will grant both motions as discussed below.

**Background**

Equifax is a credit reporting agency that, among other things, provides credit reports of individual consumers that are used to ascertain a potential borrower's

creditworthiness. Banks, landlords, utility companies and others report information about consumers, and credit reporting agencies like Equifax compile such information and put it into credit reports. All else being equal, having a derogatory notation (such as an unpaid past-due debt) on a credit report can make obtaining credit or qualifying for a lease or loan more difficult.

Plaintiff Browne contends that Equifax kept an inaccurate entry on her credit report from a landlord who wrongly sent her to collections for rent that "never accrued" because she never rented the apartment in question or lived at the address. DE 10, Am. Compl. ¶¶ 2–3. She says that Equifax continued to report this inaccurate debt even after she disputed it, successfully sued the landlord, prevailed in her lawsuit, and furnished Equifax with the judgment. *Id.* at ¶¶ 6–8. Browne says Equifax's failure to remove the debt and its practices violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

In her lawsuit, Browne is seeking to recover damages for mental anguish and stress that she says was caused by Equifax. Browne alleged these harms in her Amended Complaint, *see* Am. Compl. ¶143, and she has reiterated them in discovery, both in her answers to interrogatories and at her deposition. She testified that the stress was of such a degree it caused her physical injuries and that she sought mental health treatment because of her ordeal with Equifax. *See* DE 35-2 (Plaintiff's Responses to Defendant's Interrogatories) and DE 35-3 (Deposition of Plaintiff).

As a result of these allegations and discovery, Equifax sought medical records

2

and testimony from Browne's mental healthcare providers. Browne partially objected to this discovery on confidentiality and scope grounds, resulting in the motion to compel testimony and medical records from Browne's non-party mental health professionals, which is one of two motions before the Court.

Browne, for her part, has sought discovery into Equifax's business practices and procedures, including by noticing a deposition of the company pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Equifax objected to portions of the noticed deposition and says the deposition seeks testimony on topics that is not relevant nor proportional to the issues and needs of the case. It has filed a motion for a protective order to limit the allowed scope of the deposition and to protect what it says are its confidential business information.

**Discussion**

### I.   Equifax's Motion to Compel Discovery into Browne's Mental Health Treatment.

A person's medical history or testimony from their mental healthcare providers would not intuitively appear relevant to a dispute involving credit reporting. Equifax argues, however, that Browne put her mental health squarely at issue by alleging and testifying to both physical and mental harm caused by Equifax. Thus, it says Browne's mental health treatment history is an appropriate subject of discovery and that it should be allowed to depose the treating providers that Browne identified. The Court agrees.

While Indiana has established a counselor-patient privilege, see Ind. Code §

25-23.6-6-1, "[f]ederal common law determines the scope of privileges available in cases involving a question of federal law." *Zukley v. Town of Shererville*, 2016 WL 6994158, at *3 (N.D. Ind. Nov. 30, 2016) (citing Fed. R. Evid. 501). This is such a case as Browne's claim is for violation of the federal Fair Credit Reporting Act. Under federal law, "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). But the privilege can be waived, *id.* at n.14, and post-*Jaffee*, "courts have been unanimous in holding that a party may surrender the psychotherapist-patient privilege by affirmatively placing his or her psychological state at issue in the suit." *Flowers v. Owens*, 274 F.R.D. 218, 223 (N.D. Ill. 2011).[1] As the Seventh Circuit has put it, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover *any* records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (italics added).

---

[1] The parties have not raised the issue of whether the mental healthcare providers at issue here are covered by the federal psychotherapist-patient privilege or what role, if any, Indiana's counselor-patient privilege plays in the Court's analysis. But from what the Court can ascertain from publicly available information, Sharon Samsell is a Licensed Mental Health Counselor (LMHC) and a Certified Health Touch Practitioner (CHTP). Amy Foster holds a PhD from Michigan State University in Family and Child Ecology and is a Licensed Marriage and Family Therapist (LMFT). But as other courts have ruled, determining who falls within the ambit of "psychotherapist" within the meaning of *Jaffee* is not necessary where, as here, a plaintiff has waived any potential privilege. *See Doe v. Purdue Univ.,* No. 2:17-CV-33-JPK, 2021 WL 84531, at *5 (N.D. Ind. Jan. 11, 2021) ("[T]he Court need not determine whether the psychotherapist-patient privilege applies to communications between Plaintiff and Mr. Perry as, even if the privilege applies, it has been waived.").

4

So, the question becomes, has Browne waived any psychotherapist-patient privilege rights by putting them at issue in her lawsuit? The answer is clearly yes, and Browne concedes as much to a point. In her response to Equifax's motion to compel, she states she has "agreed to withdraw her privilege objections to the subpoenas." DE 46 at 1. However, the authorizations she signed for her therapists to release information and testify are limited in scope. The releases she has executed authorize disclosure only of (1) "Dates of Service," and (2) a "discharge summary for legal services." *See* DE 46-1 and DE 46-2 (Authorizations to Release or Request Information).

Unsurprisingly, Equifax insists on more and says these conditional releases are insufficient. The Court agrees. As other courts have recognized, the Seventh Circuit's language in *Oberweis* that a "defendant is entitled to discover any records," *Oberweis*, 456 F.3d at 718, of a plaintiff's mental health when that plaintiff seeks damages for emotional distress is "broad and sweeping." *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 514 (N.D. Ill. 2018); *id.* ("[T]he judges on the Seventh Circuit are careful writers: They say what they mean and mean what they say. The broad language hedges no bets.").

In her answers to one of Equifax's interrogatories concerning her injuries and damages, Browne stated that "[t]he harms associated with the inaccurate reporting include symptoms of anxiety, irritability, frustration, and nerves. These symptoms have caused me to operate under high levels of stress, suffer from worrying, be

5

distracted throughout the day and led to decreased time and decreased enjoyment with friends and loved ones." DE 35-2 (Plaintiff's Responses to Defendant's Interrogatories). In response to another interrogatory, she said that "[t]he harms associated with the inaccurate credit reporting are not limited to physical symptoms, including the pinching/twisting feelings I got in my stomach, stress headaches, throbbing pain and tightness in my neck." *Id.* Furthermore, at her deposition, Browne reiterated these harms and testified that she spoke to both of her therapists about the issue, albeit she did not know how many times she brought the issue up. *See* DE 35-3 (Deposition of Plaintiff).

To be sure, formal discovery into the details of one's mental health treatment is undoubtedly intrusive and may be unwelcomed. But where a plaintiff invites such an intrusion by seeking to recover money damages for psychological harm caused by a defendant's actions, as Browne does here, she waives her right to object to the disclosure of evidence relating to those harms. To hold otherwise would allow a plaintiff to use evidence of her mental health to recover damages while keeping the full picture of her mental health from the defendant and the courts. They would "effectively be abusing the privilege—using it both as a shield and a sword. This is not allowed." *United States v. Kmart Corp.*, No. 12-CV-881-NJR-RJD, 2017 WL 3034342, at *3 (S.D. Ill. July 17, 2017) (discussing attorney-client privilege) (citation omitted).

6

**II.   Equifax's Motion for Protective Order Concerning Plaintiff's Deposition of Equifax Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.**

The second motion before the Court, Equifax's motion for a protective order concerning the Rule 30(b)(6) deposition that Plaintiff has noticed is easier to resolve. For one, some of the relief Equifax seeks is now moot because the proposed protective order governing discovery in this case to protect Equifax's confidential business information that Equifax proposed and filed was entered by Judge Martin, the Magistrate Judge previously assigned to this case. [DE 39]. But Equifax's motion seeks additional relief that the Court must address based on what Equifax says are Browne's requests for testimony that is "irrelevant, overreaching, and burdensome." DE 37-1 at 3.

"Rule 30(b)(6) depositions," like all other forms of discovery, "are limited by the scope of discovery in Federal Rule of Civil Procedure 26(b)(1)." *Ball Corp. v. Air Tech of Michigan, Inc.*, 329 F.R.D. 599, 602 (N.D. Ind. 2019). Thus, any topic noticed in a Rule 30(b)(6) deposition must seek information that is (1) "relevant to any party's claim or defense," and (2) be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1). "The burden is on the party seeking the protective order to demonstrate that good cause exists for the

7

entry of the order by making a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Ball Corp.*, 329 F.R.D. at 603 (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Despite asking for and being granted multiple opportunities to do so, Browne filed no response to Equifax's motion for a protective order. The Court would therefore be well within its discretion to summarily grant the motion without further consideration. *See* N.D. Ind. L.R. 7-1(f)(5) ("The court may rule on a motion summarily in an opposing party does not file a response before the deadline."). In the interest of completeness, however, the Court will address the eight topics contained within the Rule 30(b)(6) notice that Equifax says are irrelevant, vague or otherwise overly burdensome on a topic-by-topic basis.

**Topic 5** – This topic seeks to have a corporate representative testify as to "Equifax's knowledge, understanding an application of the legal impact of court decisions." *See* DE 37-1 at 5. The Court agrees with Equifax that this topic as drafted is vague and overbroad as drafted. Equifax need not prepare a witness to testify as to Topic 5.

**Topics 9 & 11** – These topics seek to have a corporate representative testify as to "[f]or 2021 to the present date, Equifax's gross and net income from the sale of

8

consumer reports" and "[Equifax's] revenue and profit for each quarter since the start of 2021." *See* DE 37-1 at 5. As Equifax concedes, discovery into a defendant's financial condition, including revenue and income, may be appropriate where a plaintiff is seeking punitive damages. Browne's complaint seeks punitive damages, DE 10 Am. Compl at 16 (Prayer for Relief), but the Court construes her failure to respond to Equifax's argument that there is no plausible basis for punitive damages as a waiver of her right to seek discovery on this topic through a 30(b)(6) deposition. *See Taylor v. Rice*, No. 2:17-CV-344, 2020 WL 859397, at *1 (N.D. Ind. Feb. 21, 2020) ("An argument not responded to is ordinarily deemed waived.") (quoting *In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016)). Equifax need not prepare a witness to testify as to Topics 9 or 11.

**Topic 10** – This topic seeks to have a corporate representative testify as to the "[n]umber of Equifax subscribers in the years 2020, 2021, 2022 and 2023." *See* DE 37-1 at 6. Equifax says that its "subscribers" are its customers that purchase consumer credit reports. Equifax says such information is irrelevant to Plaintiff's claims and the Court agrees it would have no bearing on the adequacy or reasonableness of Equifax's actions regarding Browne's credit report and the information contained therein. Equifax need not prepare a witness to testify as to Topic 10.

**Topic 14** – This topic seeks to have a corporate representative testify as to "[t]he reasons disputed information remained following Equifax's processing (including any reinvestigation) of disputes from Erin Browne, Fabian Huizar,

9

Zepherine Miller, and Mercedes Kurtis." *See* DE 37-1 at 6–7. The additional three individuals listed in this motion are individuals who apparently have sued Equifax, apparently on grounds similar to Browne. *Id*. Some of these plaintiffs are also represented by the same counsel as Browne. But none of these individuals are a party to *this* lawsuit, and the Court agrees with Equifax that they are not relevant to Browne's lawsuit. That said, Equifax's motion does not contest the relevancy of Topic 14 as to Browne herself. Accordingly, Equifax need not prepare a witness to testify as to Topic 14 to the extent it relates to any individual *besides* Plaintiff Erin Browne.

**Topic 18** – This topic seeks to have a corporate representative testify as to "[t]he number of disputes Equifax has received concerning a National Credit Systems tradeline. Equifax should also provide: a) The statistics depicting the codes used in these types of disputes; and b) The statistics depicting the dispute codes entered following receipt of an ACDV from National Credit Systems (for example, these codes/response indicate whether the disputed item was verified with unrelated information updated; whether it was deleted, etc.)." *See* DE 37-1 at 9. According to Equifax, National Credit Systems is the entity that sent information regarding Browne to Equifax. Equifax says that other disputes and their outcomes as to individuals besides Browne is neither relevant nor proportional to the case. Again, the Court agrees in large part because Browne has offered no argument as to why other individuals' interactions with Equifax would have any bearing on what Equifax may or may have not done with respect to Browne. Equifax need not prepare a

10

witness to testify as to Topic 18.

**Topic 20** – This topic seeks to have a corporate representative testify as to "[h]ow an Equifax consumer report is generated and communicated and/or transmitted to a user purchasing the report." *See* DE 37-1 at 11. According to Equifax, no one requested Browne's credit report during what it says is the relevant timeframe and thus this topic seeks information that is not relevant to Browne's case. Without anything to rebut that assertion on the scope of relevancy from Browne, Equifax need not prepare a witness to testify as to Topic 20.

**Topic 23** – This topic seeks to have a corporate representative testify as to "[the identity of] all persons who contributed to responding to the factual averments in the amended complaint in the underlying Lawsuit." *See* DE 37-1 at 11. While the Court is not entirely persuaded by Equifax's argument that this topic would be inappropriate in all instances or necessarily implicate attorney-client privilege or attorney work product protections across the board, Browne's silence in response to indicates that she has given up on trying to obtain this discovery via a Rule 30(b)(6) deposition. Equifax need not prepare a witness to testify as to Topic 20.

## Conclusion

For the reasons stated in this Opinion, the Court hereby **GRANTS** Defendant Equifax Information Services LLC's Motion to Compel Depositions of Amy Foster and Sharon Samsell [DE 35]; and **OVERRULES** Plaintiff Erin Browne's psychotherapist-patient privilege objections to the Rule 45 subpoenas to Amy Foster

11

and Sharon Samsell. Plaintiff is **ORDERED** to execute full releases to authorize Amy Foster and Sharon Samsell to release all records relating to Browne and to testify as to their treatment of Browne, subject to the appropriate confidentiality designations under the previously entered protective order governing discovery in this case.

The Court furthermore **GRANTS in part** Defendant Equifax Information Services LLC's Motion for Entry of Protective Order Regarding Plaintiff's Rule 30(b)(6) Notice of Deposition of Equifax [DE 37]; and **ORDERS** that Equifax need not prepare a witness to testify on its behalf as to Topics 5, 9, 11, 14 (to the extent it relates to any individuals besides Plaintiff Erin Browne), 18, 20, or 23.

SO ORDERED this 23rd day of July 2024.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT