UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIN BROWNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-64-GSL-AZ |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Equifax Information Services LLC's Motion for Sanctions Against Duran Keller [DE 52], filed on July 31, 2024. Equifax seeks monetary sanctions from Plaintiff's counsel in an amount that corresponds to the attorney's fees it incurred filing a successful discovery motion. While Equifax has styled its motion as seeking sanctions pursuant to 28 U.S.C. § 1927 for "vexatious" litigation behavior, the relief it seeks is reimbursement of costs associated with having to file a motion for protective order. Such relief is available and more appropriately awarded pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, and the Court will construe the motion as being made pursuant to Rule 37. The Court further finds the requested relief appropriate, in part, and it will grant Equifax's motion and award it $1,787.50 in attorney's fees, to be paid by Plaintiff's counsel Duran Keller.

**Background**

The central allegation in this lawsuit is that Equifax kept an inaccurate entry

on Plaintiff Erin Browne's credit report. She says Equifax continued to report this inaccurate debt even after she disputed it with the company, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. DE 10 at ¶¶ 6–8.

Browne served a notice of deposition of Equifax pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure that contained 26 topics on which Browne sought testimony. Equifax served objections to some of the deposition topics, and after an unsuccessful meet-and-confer in which Browne did not modify or withdraw any of the topics, Equifax filed a motion for a protective order on April 11, 2024. DE 37. Equifax asked that the Court prohibit Browne from seeking testimony as to eight topics that Equifax maintained were irrelevant, overly burdensome, or otherwise not proportional to the needs of the case. *Id.*

While this matter was still before Magistrate Judge Martin, Browne sought an extension of time to respond to Equifax's motion. DE 40. The Court granted it and gave Browne until May 28, 2024, to respond to both the motion for protective order and to another motion by Equifax to compel discovery. DE 41. After the matter was reassigned to me in June 2024, and no responses had been filed, I gave Browne one final opportunity to respond to both pending motions. DE 44. Browne then filed a response to the motion to compel, *see* DE 46, but never responded to the motion for protective order. Without the aid of a response from the party seeking the discovery, I granted the motion for protective order and sustained nearly all of Equifax's objections to the Rule 30(b)(6) deposition notice. DE 49.

This motion for sanctions followed shortly thereafter. In its motion—which at

2

times reads like a cathartic airing of grievances against Plaintiff's counsel in this and other cases—Equifax states that counsel's actions of noticing a Rule 30(b)(6) deposition, refusing to modify or withdraw any topics, and then failing to respond to the motion for protective order "fits within a pattern of other obstructive, dilatory, and abusive conduct in this case." DE 53 at 5. That alleged "pattern" includes:

i) Refusing to agree to the Template Protective Order of a previously assigned magistrate judge, thereby forcing Equifax to file a successful motion for its entry;

ii) Initially refusing to let an Equifax employee being deposed take a lunch break during the deposition upon her request, and only relenting when undersigned counsel threatened to call the Court;

iii) Opposing Equifax's proposed Amended Answer, but ultimately not filing any response in opposition to Equifax's Motion to Amend;

iv) Objecting to the depositions of Plaintiff's therapists, delaying them by months; and

v) Blatantly misrepresenting to the Court the content of Equifax's Motion to Compel the depositions of Plaintiff's therapists, and falsely claiming that limited-scope releases 'cleared the roadblocks to Equifax's discovery requests,' a claim which this Court rejected when it granted Equifax's Motion to Compel.

*Id.* at 5 (citations omitted). Despite spending the bulk of its motion discussing them, Equifax does not seek attorney's fees or sanctions for any these other occurrences. Instead, "Equifax seeks an award of reasonable attorney's fees in the amount of $5,575, based on attorney Theodore Roethke's approximately 10.3 hours of work spent on Equifax's Motion for Protective Order multiplied by his 'discount hourly rate' of $475…and based on [attorney Jennifer Brooks's] approximately 1.5 hours of work spent on the Motion [for Protective Order] multiplied by [her] 'discount hourly rate'

3

of $455." *Id.* at 7–8.

This time, Plaintiff's counsel responded, contesting Equifax's characterizations and explaining why his conduct was not "vexatious" but instead zealous advocacy on behalf of his client. With regard to his failure to respond to Equifax's motion for protective order, Plaintiff's counsel says it was the result of "excusable neglect, caused by a cross-country move undertaken by counsel, counsel's family, and counsel's legal practice, compounded by the demands of a recent jury trial." DE 61 at 1.

## Discussion

### A. Equifax's Motion Seeks Relief that is Available and More Appropriately Sought Under Rule 37.

On the face of its motion, Equifax seeks relief pursuant to the federal "vexatious litigation" statute. The relevant statute states in full that: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. For sanctions to be awarded under Section 1927, "[t]he moving party must show 'extremely negligent conduct, like reckless and indifferent conduct,'" as opposed to run-of-the-mill adversarial conduct that is, for better or worse, a hallmark of the American legal system. *Solomon v. Wardlaw Claim Serv., LLC*, 2018 WL 2293005, at *2 (N.D. Ind. May 18, 2018) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994)). Any sanction under Section 1927 is wholly discretionary and never mandatory. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014

4

(7th Cir. 2004) ("Section 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion.").

Equifax does not, however, ask the Court to award monetary relief in connection with most of the "vexatious" conduct it identifies relating to stipulated protective orders, amended answers, deposition conduct generally, or an unrelated discovery motion. Instead, it seeks relief limited to awarding attorney's fees incurred in connection with prevailing on a motion for a protective order relating to one specific deposition. In other words, it seeks fees incurred related to what it says was Plaintiff's unjustified position in discovery, a subject well-covered by the Federal Rules of Civil Procedure. The remainder of the conduct complained of is thus nothing more than surplusage in the Court's view.

Rule 37(a)(5)(A) provides that when a party prevails on certain discovery-related motions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. 26(c)(3) (applying the provisions of Rule 37(a)(5) to motions for protective orders). And while the rule uses the mandatory language of "must," there is an escape hatch to avoid some or all of the fee-shifting when the opposing party's position was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). As such, "an award of legal fees is not always

5

mandatory" and the "court has 'broad discretion in deciding if fees are warranted under Rule 37(a)(5)'" based on the particulars of any given case and any given discovery dispute. *Wilson v. Madison Cnty., Illinois*, 2024 WL 3411807, at *4 (S.D. Ill. July 15, 2024) (citations omitted).

Section 1927, by contrast, is an expansive statute that covers a variety of different kinds of "vexatious" behavior beyond successful discovery motions. *E.g.*, *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (affirming sanctions under § 1927 for motions filed after district court had entered judgment*); Kotsilieris v. Chalmers*, 966 F.2d 1181, 1186 (7th Cir. 1992) (affirming sanctions against attorney who waited until the eve of trial to assert a jury demand); *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983) (holding that sanctions are available under § 1927 for filing of a complaint "where the suit was without either a legal or factual basis and the attorney was or should have been aware of this fact"). Its reach, however, is not limitless. It requires a specific finding that "something more than ordinary negligence" occurred (*i.e.*, intentional or reckless bad faith) "in order to justify the order of sanctions." *Kotsilieris*, 966 F.2d at 1185. Fee-shifting under Rule 37(a), however, requires no finding of bad faith or inquiry into a party or lawyer's state of mind. Instead, "[t]he great operative principle of [Rule 37(a)(5)] is that the loser pays." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of

6

the claims." *Id.* These differences in purpose and operation have led some courts to even say that Rule 37(a)(5) fees should not even be considered sanctions as that termed is usually conceived of in the American legal system. *See Cardenas v. Grozdic*, 2013 WL 4080652, at *3, n.2 (N.D. Ill. Aug. 13, 2013) ("There is a good argument Rule 37(a)(5) is more of an expense-shifting mechanism than a sanction akin to Rule 11 or 28 U.S.C. § 1927."); *see also Rickels*, 33 F.3d at 787 ("Rule 11 is not a fee-shifting rule").

The Supreme Court has further cautioned lower courts not to resort to sources such as inherent power when other, more concrete avenues are available. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."). In my view, the same is true where the Court can rely on the Rules of Civil Procedure rather than statute, such as 28 U.S.C. § 1927. Because Equifax seeks fee-shifting in connection with bringing a successful motion for protective order, its request is better understood as a motion pursuant to Rule 37(a)(5) rather than § 1927.

Nor is it necessary or prudent for the Court to address the requested sanctions solely on the basis offered by Equifax. As other district courts have observed, determining the form and vehicle for any sanction or award of attorney's fees should be "chosen by the magistrate judge, rather than the sanction sought by the party[.]" *Hechavarria v. Randall's Food & Drug*, 2023 WL 9751409, at *1, n.1 (N.D. Tex. July 26, 2023) (citation omitted). "To conclude otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of

7

review." *Brown v. Bridges*, 2015 WL 410062, at *3 (N.D. Tex. Jan. 30, 2015) (quoting *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794 (S.D. W. Va. 2004)). Here, "Rule 37(a)(5)(A) is adequate to address the [Equifax's] request for attorneys' fees related to the filing of a motion [for a protective order]." *Bigfoot 4x4, Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 1214749, at *2 (N.D. Ill. Mar. 21, 2024).[1]

### B. Equifax is Entitled to Recover Attorney's Fees Incurred in Connection with its Successful Motion for Protective Order.

There is a presumption of fee-shifting for discovery motions under the Federal Rules unless the party opposing the motion demonstrates "substantial" justification for their position or "other circumstances make an award of expenses unjust." Fed. R.

---

[1] To the extent either party believes that attorney's fees under Rule 37 may only be awarded by the presiding District Court Judge in this case, I think they are incorrect. As explained in an exhaustive opinion by Judge Harjani of the Northern District of Illinois on this very subject, "a Rule 37 award is within a magistrate judge's power to issue as orders because it is a pretrial nondispositive matter." *Cage v. Harper*, 2020 WL 1248685, at *20 (N.D. Ill. Mar. 16, 2020); *id.* at *1 ("Every United States Court of Appeals that has examined the issue directly has held that a Rule 37 award of attorney's fees and costs is a nondispositive order that is within a magistrate judge's statutory authority."). That is also the prevailing view in the Northern District of Indiana. *See Stratford Ins. Co. v. Shorewood Forest Utilities, Inc.*, 2024 WL 773612, at *6 (N.D. Ind. Feb. 23, 2024) ("[T]he more sensible reading of Rule 37(a)(5) is that it is a fee-shifting provision inextricably intertwined with the indisputably non-dispositive matter of the underlying discovery ruling, and therefore well within the authority of the magistrate judge to whom non-dispositive matters have been referred."). Nonetheless, as other courts have done and for the avoidance of any doubt, in the event an award of fees under Rule 37 is considered dispositive, I will couch my decision as one recommending that the District Court grant Equifax's motion and award it costs and fees associated with its successful Motion for Protective Order. *See Bigfoot 4x4*, 2024 WL 1214749 at *2, n.4.

8

Civ. P. 37(a)(5)(i)–(iii); *see also Pursell v. HydroChem, LLC*, 2023 WL 3203104, at *1 (S.D. Ill. May 2, 2023) ("Rule 37(a)(5)(B) presumptively requires the movant to make good the victor's costs") (citation omitted). Thus, Plaintiff (or rather her counsel) must reimburse Equifax for its incurred costs, including attorney's fees, unless the presumption is overcome through a showing of "substantial justification" or "other circumstances" that would make an award "unjust." In making that determination, the Court possesses broad discretion. *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 499 (N.D. Ind. 2010) ("The court has broad discretion when reviewing a discovery dispute and 'should independently determine the proper course of discovery based upon the arguments of the parties.'") (quoting *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996)). *See also Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994)) ("District judges have substantial discretion to make such decisions to curtail the expense and intrusiveness of discovery and trial").

In response to the motion for sanctions, Plaintiff's counsel is apologetic to the Court and blames his failure to respond on "excusable neglect, caused by a cross-country move undertaken by counsel, counsel's family, and counsel's legal practice, compounded by the demands of a recent jury trial." DE 61 at 1. But none of these explanations move the needle on the question of fee-shifting. That is because even the most excusable of neglect does not answer the central question at issue: whether there was "substantial justification" for the discovery that was sought or whether "circumstances [that] make an award of expenses unjust" under Rule 37(a)(5).

On the pertinent issue of justification, Plaintiff's counsel argues his position was "meritorious" because he has sought similar discovery in other cases and defended those efforts with briefing and argument that he says could have been made here. *Id.* at 6–7. Without any further elaboration, Plaintiff's counsel suggests that the proposed Rule 30(b)(6) topics at issue relate to the reasonableness and cost-benefit analyses of Equifax's credit dispute investigations. *Id.* at 7. Plaintiff's counsel does not explain why the disputed topics *in this case* are relevant to these issues *in this case*. Instead, he merely attaches a brief from another case (in support of a motion that has not yet been ruled upon) that he says "would have been substantively identical to the brief" he would or could have filed here. *Id.*

Nor is it clear on the face of the deposition topics why they are relevant or appropriately tailored to the issues in this case. Presumably Plaintiff's counsel expects the Court to review the briefing in another case, match the discovery sought there up with what was sought here, and then determine whether it was similar enough to the discovery sought here. But the onus for showing substantial justification lies with Plaintiff's counsel, not the Court.

To be clear, the Court does not expect Plaintiff's counsel to now win the argument or show why he hypothetically would have prevailed on the motion had he responded. It simply expects an explanation as to why Plaintiff was justified in insisting upon the deposition topics as both a factual and legal matter. This is not an especially onerous burden. Plaintiff's counsel could have attached copies of any written correspondence with Defendant's counsel explaining why the deposition

10

topics were appropriate. Or he could have provided more than a cursory justification for insisting on these topics in his response to the motion for sanctions. Ultimately, the Court cannot fairly deny Equifax's request outright when Plaintiff's counsel has failed to provide this explanation despite ample opportunities to do so. Accordingly, based on the limited record presented, the Court finds no substantial justification or other circumstances to rebut Rule 37(a)(5)'s presumption of fee-shifting.

### C. Equifax's Requested Amount of Attorney's Fees is Facially Reasonable.

Having determined that Equifax is entitled to an award of attorney's fees and costs for bringing its successful motion for protective order, the next question is: what is the appropriate amount? Equifax requests that the Court order Plaintiff's counsel to pay it $5,575 for reasonable attorney's fees. In her opposition, Plaintiff does not contest this amount but instead argues only that fees should not be awarded at all. Even with no opposing view to consider, the Court will still assess the objective reasonableness of the fees sought before awarding the full amount Equifax requests.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is commonly referred to as the "lodestar" method of calculating fees. *Gisbrecht v. Barnhart,* 535 U.S. 789, 802 (2002). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. "[W]here, as here, attorneys provide the rates actually

11

billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prod., LLC*, 2019 WL 2635944, at *7 (N.D. Ind. June 27, 2019) (citing *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007)).

Plaintiff does not challenge the reasonableness of the hourly rates of Equifax's attorneys or the amount of time they spent in connection with filing its motion for protective order relating to the substance of the noticed deposition. And the Court likewise finds both the "discounted hourly rates" charged ($475 for Mr. Roethke and $455 to Ms. Brooks) to be reasonable, as they are the rates actually charged to their client. Likewise, the amount of time spent (10.3 hours for Mr. Roethke and 1.5 hours for Ms. Brooks) preparing the motion is reasonable for a motion of this kind.

Concerning the substance of the time entries correlating to these hours, the Court must be satisfied that the hours spent were related to the motion for which fees are being sought. "[W]hen the time records do not describe tasks with particularity, and do not reveal the amount of time claimed to have been spent on each particular task, the judge is in no position to make a reasonable estimate of the amount of time that should have been required." *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 421 F. Supp. 2d 1117, 1119 (N.D. Ill. 2006); *see also Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Here, it is evident from the text that the entries relate to the drafting of the motion for protective order. While greater specificity may be ideal, the entries Equifax has submitted are not so vague as to warrant a reduction in fees, especially

when Plaintiff has not contested them on this basis. *See, e.g.*, *Greenfield Mills, Inc. v. Carter*, 569 F. Supp. 2d 737, 749 (N.D. Ind. 2008) (reducing fee award where certain time entries were too vague).

### D. A Reduction in the Fee Award is Justified by Other Circumstances.

That is not the end of the matter. As mentioned, district courts have broad discretion on discovery matters, including discretion to ensure "the proper course of discovery." *Gile,* 95 F.3d at 496. The Supreme Court has further instructed that "Rule 37(a) . . . was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 208 (1999). That is "the very purpose of Rule 37(a)." *Id.* And on the point of causing delay or unnecessarily occupying the Court's time with multiple lengthy and cantankerous discovery motions, Equifax shares a portion of the blame.

Both the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Indiana require the parties to meet-and-confer in good faith about any discovery disputes. *See* Fed. R. Civ. P. 26(c)(1) (stating that any motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action"); N.D. Ind. L.R. 37-1(a) (requiring particular certification of conferring in good faith prior to filing "any discovery motion"). This is not supposed to be an empty obligation. As another court has put it, "[c]hatting for a bit about a dispute and maintaining an untenable position at worst or a tenuous position at best, is not engaging in a good faith meet and confer." *W. Bend Mut. Ins. Co. v. Zurich Am.*

13

*Ins. Co.*, 308 F. Supp. 3d 954, 958–59 (N.D. Ill. 2018). Adhering to the mandate that parties adequately confer in good faith (and hopefully resolve their issue through some compromise) prior to filing a motion does not just save the Court's time for the Court's sake. *Id.* at 959 ("If the parties can resolve their issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered.").

As Equifax notes in its motion for sanctions, it filed three other discovery motions prior to its successful motion for protective order relating to the topics of the Rule 30(b)(6) deposition. Equifax says that all of the motions that precipitated the one presently before the Court were necessitated solely because of Plaintiff's counsel's actions. The Court is not so sure of that assessment.

For starters, the Court notes that Equifax's motion for protective order did not include the certification required by Local Rule 37-1(a) regarding its efforts to attempt to resolve the discovery dispute prior to seeking court intervention. The Court excused this failure, as the Local Rules permit it to do, *see* N.D. Ind. L.R. 1-1, because resolution of the motion had been delayed due to judicial reassignment of cases, and because Equifax did at a bare minimum state that the parties met and conferred on March 29, 2024. DE 37-1 at 3. Although I credited Equifax at the time with having satisfied its meet-and-confer obligation, I now have concerns as to whether the parties were merely going through the motions or actually engaging in purposeful discovery dispute resolution discussions as the federal and local rules intend.

14

About a month after filing its motion for sanctions, Equifax filed *another* motion for protective order relating to the time and place of the 30(b)(6) deposition. DE 63. Equifax sought a protective order because the parties could not compromise on such basic issues as when to depose the witness and whether the deposition could proceed remotely (consistent with all previous depositions in this case) or if Plaintiff's counsel should be forced to travel to Equifax's principal place of business in Atlanta and take the deposition in person. That motion for protective order, like other discovery motions filed by Equifax in this case, reveal a disruptive breakdown in communications between the attorneys that has at times hindered the progress of the litigation. Equifax provided excerpts of transcripts and video recordings of prior depositions in this and other cases between the parties in order to persuade the Court that Plaintiff's counsel's behavior in these remote depositions has been so outrageous that he should be forced to travel to Atlanta to conduct the deposition in person so that Equifax could have a "separate camera trained" on Plaintiff's counsel to discourage him from mistreating the company's witnesses. *Id.* at 16.

Instead, in reviewing the excerpts hand selected by Equifax, I quickly came to the conclusion that both parties have become intransigent during the course of their working relationship. Each side is quick to accuse the other of being uncooperative, and neither party seems willing to give an inch on even the most basic disputes such as whether to finish a line of questioning or take a break. For its part, Equifax has been too quick to declare impasses and to seek relief from the Court, presumably because attempts to compromise or persuade on issues of discovery have been an

15

exercise of futility between the parties. Indeed, Equifax has filed *four* discovery-related motions in this case, a surprising amount given the nature of this case. *See* DE 22, 35, 37, 63.

However this breakdown originated, it is apparent to me that both parties bear some responsibility for the logjams in discovery that have arisen. Simply put, both sides can do better. Based on what I have seen in the few months since I have been assigned to this case, I concluded that I was not going to be able to reliably resolve the finger-pointing war between the attorneys and that attempting to do so would be a waste of everyone's time. For that reason and others, I orally denied the motion for the deposition to take place in Atlanta without further briefing. DE 71. Similarly, here, I cannot conclude on the record before me that one side is solely to blame for inflexible litigation postures that led to the motion for protective order on Rule 30(b)(6) deposition topics being filed.

I am left concluding that some fee-shifting is warranted for the reasons discussed above. At the same time, it would be unfair for one party to foot the entire bill for expenses incurred because of the stalemates in diplomacy between counsel. As such, I will use my discretion to find "other circumstances" which would make an award of the full costs sought by Equifax "unjust," *see* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), and I will reduce the amount of fees it awards by 50%. I will further discount the fees by an additional $1,000 to reflect the relative economic resources of the parties and the amount in controversy in this case. In doing so, the Court seeks to ensure that Equifax's penchant for filing discovery-related motions littered with accusations

of misconduct is not overly rewarded, nor Plaintiff punished excessively—she has already been prohibited from obtaining certain deposition testimony. The Court further cautions both parties and their counsel that they would be well-advised to take a more constructive approach in this case and future cases which may be before this Court.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Equifax Information Services LLC's Motion for Sanctions Against Duran Keller [DE 52], in part, and ORDERS Plaintiff's Counsel Duran Keller to pay $1,787.50 in attorney's fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Plaintiff's Counsel Duran Keller shall pay this amount to Defendant Equifax Information Services LLC by October 27, 2024.

SO ORDERED this 27th day of September 2024.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

17